# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

### EASTERN DIVISION

Honorable Judge STEARNS

| | |
|---|---|
| DIRECTV, Inc. a California corporation, | ) Case No. 03 CV 12283 RGS |
| Plaintiff, | ) |
| vs. | ) **ANSWER TO COMPLAINT** |
| TODD FARMER Defendant. | ) *DEFENDANT TODD FARMER DEMANDS TRIAL BY JURY* |

## ANSWER OF DEFENDANT FARMER

Defendant Todd A. Farmer (also known as Todd Farmer, Defendant Farmer), acting PRO SE, hereby Answer the complaint of Direct TV, Inc., and say:

## INTRODUCTION:

1. Defendant lacks actual knowledge of allegations set forth in paragraphs 1 through 15 of the complaint, and therefore denies same and demands strict proof thereof.

**PARTIES:**

2. Defendant lacks actual knowledge of allegations set forth in paragraph 16 of the complaint, and therefore denies same and demands strict proof thereof.

3. Defendant lacks actual knowledge of allegations set forth in paragraph 17 of the complaint, and therefore denies same and demands strict proof thereof.

4. Defendant lacks actual knowledge of allegations set forth in paragraph 18 of the complaint, and therefore denies same and demands strict proof thereof.

5. Defendant Admits residing in Weymouth, MA.  Defendant admits to purchasing 1 unprogrammed Atmel IC Memory Chip DSS-Pro Part Number Su2BS and receiving the part on or about April 19, 2001 Defendant denies the remainder of the allegations set forth in paragraph 19 of the complaint, and therefore denies same and demands strict proof thereof.

6. Defendant lacks actual knowledge of allegations set forth in paragraph 20 of the complaint, and therefore denies same and demands strict proof thereof.

7. Defendant denies the allegations set forth in paragraph
   21.

8. Defendant Admits possessing a satellite dish only.
   Defendant denies the remainder of the allegations set
   forth in paragraph 22 of the complaint, and therefore
   denies same and demands strict proof thereof.

9. Defendant lacks actual knowledge of allegations set forth
   in paragraph 23 of the complaint, and therefore denies
   same and demands strict proof thereof.

**SUBJECT MATTER JURISDICTION:**

1. Defendant lacks actual knowledge of allegations set forth
   in paragraph 24 of the complaint, and therefore denies
   same and demands strict proof thereof.

2. Defendant lacks actual knowledge of allegations set forth
   in paragraph 25 of the complaint, and therefore denies
   same and demands strict proof thereof.

**VENUE:**

1. Paragraph 26 is a legal conclusion of venue which defendant can neither admit or deny.

**COUNT I:**

1. Defendant denies the allegations set forth in paragraph 27.

2. Defendant denies the allegations set forth in paragraph 28.

3. Defendant denies the allegations set forth in paragraph 29.

4. Defendant denies the allegations set forth in paragraph 30.

**COUNT II:**

1. Defendant denies the allegations set forth in paragraph 31.

2. Defendant lacks actual knowledge of allegations set forth in paragraph 32 of the complaint, and therefore denies same and demands strict proof thereof

3. Defendant denies the allegations set forth in paragraph 33.

4. Defendant lacks actual knowledge of allegations set forth in paragraph 34 of the complaint, and therefore denies same and demands strict proof thereof.

5. Defendant lacks actual knowledge of allegations set forth in paragraph 35 of the complaint, and therefore denies same and demands strict proof thereof.

**COUNT III:**

1. Defendant denies the allegations set forth in paragraph 36.

2. Defendant denies the allegations set forth in paragraph 37.

3. Defendant lacks actual knowledge of allegations set forth in paragraph 38 of the complaint, and therefore denies same and demands strict proof thereof.

4. Defendant lacks actual knowledge of allegations set forth in paragraph 39 of the complaint, and therefore denies same and demands strict proof thereof.

5. Defendant denies the allegations set forth in paragraph 40.

6. Defendant lacks actual knowledge of allegations set forth in paragraph 41 of the complaint, and therefore denies same and demands strict proof thereof.

7. Defendant lacks actual knowledge of allegations set forth in paragraph 42 of the complaint, and therefore denies same and demands strict proof thereof.

## COUNT IV:

1. Defendant denies the allegations set forth in paragraph 43.
2. Defendant denies the allegations set forth in paragraph 44.
3. Defendant lacks actual knowledge of allegations set forth in paragraph 45 of the complaint, and therefore denies same and demands strict proof thereof.
4. Defendant lacks actual knowledge of allegations set forth in paragraph 46 of the complaint, and therefore denies same and demands strict proof thereof.
5. Defendant denies the allegations set forth in paragraph 47.
6. Defendant lacks actual knowledge of allegations set forth in paragraph 48 of the complaint, and therefore denies same and demands strict proof thereof.

**WHEREFORE,** this answering defendant prays that Plaintiff take nothing by way of its complaint and that this court declare this action frivolous and without merit.

### Affirmative Defenses

AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant asserts that plaintiff has failed to state a claim upon which relief can be granted.

AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, any and all claims asserted in the complaint are barred by the relevant statutes of limitations.

AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that the plaintiff and Plaintiff's attorney lacks evidence with which to prosecute all claims made hereunder and that plaintiff and plaintiffs attorneys were aware of this fact at the time it brought the complaint and that the known lack of merit of these claims, based upon a lack of physical evidence necessary to prove these claims, should subject them both to sanctions and penalties under FRCP Rule 11.

AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, Planttiff's claims are barred by estoppel.

AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred by its failure and refusal to mitigate damages.

AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has no evidence of any wrongdoing and the definitions of "illegal satellite theft device" or "piracy device" and all other

definitions relevant to the statutory violations alleged in the complaint are not present under the facts as plead or as they truly exist and that therefore there can be no satisfaction of the elements required for successful prosecution under the enumerated federal statutes.

AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that the "devices" alleged to have been purchased by this answering defendant, to wit: "Su2BS Chip" is of industry standard IC Memory Chip for many different applications and that this device, even if proven to be possessed or purchased by this answering defendant do not have as their primary purpose the surreptitious interception and decryption of satellite signals. In fact, the devices alleged are not capable of intercepting or decrypting a satellite signal.

AS AND FOR A EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that an actual controversy has arisen and now exists between the parties in that Plaintiff contends that purchases made by defendant were violative of federal statutes cited in the complaint and defendant contends that no purchases, even if true, violated any such statutes, that said purchases could, if true, violate said statutes and affirmatively asserts that

he never illegally received or intercepted DIRECTV's satellite transmissions at any time and that unless Plaintiff can provide evidence of actual interception, the case against defendant as to the statutory violations should be dismissed. Defendant requests a declaratory Judgment as to the fact that an affirmative showing of actual interception is required to satisfy the elements of the statutes plead by Plaintiff

**WHEREFORE**, defendant prays that plaintiff takes nothing by reason of its Complaint, that judgment should be rendered in favor of defendant, and for such other and further relief as this court may deem proper.

Dated this 13th day of March, 2004

1

2

3

4

5

6

7

8

9

CERTIFICATE OF SERVICE

10

11

I HEREBY CERTIFY that a true and correct copy of the foregoing
has been furnished via regular U.S. Mail to: John M McLaughlin

12

MCLAUGHLIN SACKS, LLC

13

31 Trumbull Road
Northampton, MA 01060

14

this 13th day of March, 2004

15

16

17

18

Todd Farmer PRO-SE

19

203 Roosevelt RD
Weymouth, MA 02188

20

21

22

23

24

25